UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| THE MISSING LINK JEWELERS, Inc., on behalf of itself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) Case No. 09 C 3539 ) |
| v. | ) Hon. Marvin E. Aspen ) ) |
| UNITED PARCEL SERVICE, Inc., | ) ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

MARVIN E. ASPEN, United States District Judge:

Plaintiff The Missing Link Jewelers, Inc. ("Missing Link") filed a class action complaint, alleging that Defendant United Parcel Service, Inc. ("UPS") breached its contract with Plaintiff and putative class members by charging late payment fees that violate Illinois law. Presently before us is UPS's motion to dismiss, which asserts that Missing Link's claim is preempted by federal law. For the following reasons, we grant the motion.

I. BACKGROUND

UPS, a large package delivery company, charged a five percent late payment fee to customers who failed to pay their invoices within fourteen days of the due date. (Compl. ¶¶ 8, 16.) The relevant term in UPS's standard contract sets such fees at "five percent (5%) of the total past due balance . . . or the maximum permitted by applicable law, whichever is less." (*See id*. ¶ 21.) Missing Link alleges that the five percent fee charged by UPS is an unenforceable penalty under Illinois law, and therefore that the fee exceeds "the maximum permitted by

1

applicable law." (*Id.* ¶¶ 22–27.)  Thus, according to Missing Link, by charging the five percent fee UPS has breached its contract.  (*Id.*)

UPS counters that state common law contract penalty rules are not applicable in this case because they are preempted by federal law governing the rates charged by motor carriers.  (Mot. at 3–14.)  UPS argues that Missing Link's contract claim merely seeks to enforce a preempted state law and must be dismissed.  (*Id.*)

II.     STANDARD OF REVIEW

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the sufficiency of the complaint, not to decide the merits of the case.  *Gibson v. City of Chi.*, 910 F.2d 1510, 1520 (7th Cir. 1990).  Accordingly, a court may grant a motion to dismiss under Rule 12(b)(6) only if a complaint lacks "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007); *see Killingsworth v. HSBC Bank Nev.*, 507 F.3d 614, 618–19 (7th Cir. 2007); *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776–77 (7th Cir. 2007).  Preemption is an appropriate issue for a motion to dismiss.  *See, e.g.*, *Vill. of DePue v. Exxon Mobil Corp.*, 537 F.3d 775, 789 (7th Cir. 2008).

III.    ANALYSIS

Under the Federal Aviation Administration Authorization Act of 1994 ("FAAAA"), "a State . . . may not enact or enforce a law . . . related to a price, route, or service of any motor carrier . . . with respect to the transportation of property."  49 U.S.C. § 14501(c)(1); *see also* § 41713(b)(4)(A).  The Supreme Court has previously said that delivery services, such as UPS, are motor carriers within the meaning of the FAAAA.  *See Rowe v. N.H. Motor Transp. Ass'n*,

2

128 S. Ct. 989, 995 (2008). Therefore, to determine whether Illinois common law contract penalty rules are preempted by the FAAAA in this case, we must decide whether, when applied to UPS's late fee, they relate to "price, route, or service." *Id.*

When interpreting the meaning of "price, route, or service" within the FAAAA, our analysis is governed by the Supreme Court's interpretation of the Airline Deregulation Act of 1978 ("ADA") in *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 112 S. Ct. 2031 (1992), and its progeny. *See Rowe*, 128 S. Ct. at 994. According to *Morales*, "[s]tate enforcement actions having a connection with or reference to [carrier] 'rates, routes, or services' are preempted under [the ADA]," and such preemption may occur even if a state law's effect on rates, routes, or services is only indirect. 504 U.S. at 384, 386, 112 S. Ct. at 2037–38; *see also Rowe*, 128 S. Ct. at 995.[1]

In a similar way, in the present case the late payment fee charged by UPS relates to the price it charges for its shipping service—by imposing the fee, UPS requires delinquent customers to pay a higher price for that service. Consequently, when, as here, a party attempts to use Illinois common law to challenge these late fees, that party is asking the court to enforce a state law that relates to the price charged by a motor carrier. This request is in direct contravention of the FAAAA and therefore is preempted.

---

[1] For example, the Seventh Circuit has held that the ADA preempts state regulation of an airline's ticket refund practices. *Statland v. Am. Airlines, Inc*., 998 F.2d 539 (7th Cir. 1993). At issue in *Statland* was American Airlines' "practice of withholding 10 percent of the federal tax on cancelled tickets." *Id*. at 542. The Seventh Circuit held that it was "obvious that cancelled ticket refunds relate to rates," and, thus, that state regulation of airline ticket cancellation policies is preempted by the ADA. *Id*.

3

Missing Link, nevertheless, alleges that its claim should survive UPS's motion to dismiss because Missing Link is seeking not to enforce state law to regulate UPS's late fee, but rather to simply enforce the terms of the contract. The FAAAA does not bar routine contract claims "alleging no violation of state-imposed obligations," *see Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228, 115 S. Ct. 817, 824 (1995), and Missing Link argues that its claim falls within this exception.[2]

Although Missing Link attempts to avoid FAAAA preemption by construing its complaint as a routine breach of contract falling within the *Wolens* exception, to assess this claim would require us to apply Illinois law which, as stated above, is preempted by the FAAAA. Thus, Missing Link's claim falls outside the *Wolens* exception and must be dismissed.[3]

---

[2] As an example of the *Wolens* exception, in *Travel All Over the World, Inc. v. The Kingdom of Saudi Arabia*, a travel agency sued Saudi Arabia for breach of contract after the Kingdom's national airline cancelled the agency's reservations in alleged violation of the terms of the contract. 73 F.3d 1423, 1428 (7th Cir. 1996). The Seventh Circuit held that the claim was not preempted because the agency was "not alleging a violation of state-imposed obligations, but rather [was] contending that the airline breached a self-imposed undertaking"—namely, to honor the agency's reservations. *Id*. at 1432.

[3] Similarly, in *Data Manufacturing, Inc. v. United Parcel Service*, the plaintiff challenged a ten dollar re-billing fee charged by UPS, claiming that the charge was an unlawful penalty under Missouri common law and implicitly a breach of contract. 557 F.3d 849, 851 (8th Cir. 2009). UPS defended on the ground that the FAAAA preempted the state law based claim. *Id*. As here, the court first found that the plaintiff's claim was related to "price, route, or service" within the meaning of the FAAAA. *Id*. at 852. The Eighth Circuit then concluded that the case fell outside the *Wolens* exception and was preempted. *Id*. at 853–54. The court reasoned that the "determination of whether such a fee is a penalty, unlawful, and against Missouri public policy, by definition requires the court to apply Missouri law." *Id.* at 854. Therefore, although the plaintiff framed its argument as a breach of contract, the claim was preempted because it required application of a preempted state law. *Id*.

IV.     CONCLUSION

For the foregoing reasons, Defendant's motion to dismiss is granted. It is so ordered.

_____
MARVIN E. ASPEN
United States District Judge

Dated: December 16, 2009